## Eastern Forge Company *v.* Baizley, Appellant.

*Contract—Sale—Partial performance—Set-off.*

In an action for iron sold and delivered where it appears from the statement and affidavit of defense that the plaintiffs had contracted to deliver promptly 80,000 pounds of iron for a particular purpose known to plaintiff, and had only delivered 40,000, and had wholly failed to deliver the balance, and that the defendant had been obliged to go into the market and buy other iron at an increased price to complete his own contract, the defendant is entitled to have the case go to a jury to determine whether plaintiffs had substantially performed their contract, and if not to what amount defendant was entitled as set-off.

Argued Oct. 9, 1902.    Appeal, No. 23, Oct. T., 1902, by defendants, from order of C. P. No. 1, Phila. Co., Dec. T., 1901, No. 1737, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Eastern Forge Company of Massachusetts v. John H. Baizley and Rudolph R. Baizley, trading as the John Baizley Iron Works.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit for goods sold and delivered.

The plaintiff's statement claimed the sum of $686.03 with interest, being the sum alleged to be due on a book account for the sale and delivery of certain forged iron billets and forged iron bars at certain agreed prices.

An affidavit of defense was filed which averred in substance that the forged iron bars to recover for which the suit is brought and weighing in the aggregate about 40,000 pounds was part of a larger lot of about 80,000 pounds of iron which was purchased by the defendants from the plaintiffs under a contract made by letter in which the plaintiffs agreed to furnish and deliver to the defendants said iron within two weeks from the date of the order therefor, which would make the time for delivery in the early part of June, 1901, the material purchased being required by the defendants to be used by them under a time contract for the making of knees for a ship then in process of construction.

The affidavit then set up that over half of said iron had

never been delivered, and that by reason of this nondelivery the defendants, after postponing at plaintiff's request the date of delivery, were compelled after August 1, 1901, to go out into the market, at the time and place of such postponed delivery, and purchase iron aggregating about 38,000 pounds, and to use about 7,000 pounds of their own iron to complete their time contract. The iron purchased had to be forged as the contract provided, and the defendants paid at the market price for such forging. The affidavit claimed the right to set off the actual damages and extra costs to the defendants caused by this breach, the itemized amounts thereof aggregating over $1,250, and announced defendants' intention to ask at the trial for a certificate of indebtedness for the difference in their favor.

*Error assigned* was the order of the court making absolute rule for judgment for want of a sufficient affidavit of defense.

*H. B. Gill*, with him *John R. Read, Silas W. Pettit* and *Louis B. Runk*, for appellants.—Where letters show a contract to deliver the pieces specified, and the affidavit sets up a failure to deliver more than half of them, and that by reason of this failure to deliver, the plaintiff was obliged to purchase material, the cost to him, being the market values of such material, is the proper measure of damages by reason of the breach of such contract: Morgan v. Love & Co., 173 Pa. 444; Wilson v. Phœnix Iron Co., 198 Pa. 416.

*Thomas Diehl*, for appellee.

OPINION BY ORLADY, J., December 13, 1902:

On May 18, 1901, the defendants gave to the plaintiff's agent an order for about 80,000 pounds of refined iron that was to be hammered into sizes according to detailed markings; which order concluded as follows: "Please deliver as soon as possible about 40,000 pounds, including items two and three, and follow with remainder in about two weeks." On May 18, the order was received and entered by the plaintiff company. Pursuant to the correspondence, about 40,000 pounds of forged iron, billets and bars, were delivered, and this action is brought to recover therefor.

The defense to the action is that all of the material ordered was required by the defendants for the making of knees for a ship, then in process of construction, which they were under a contract to deliver within a specified time. The plaintiffs had been repeatedly urged to make prompt delivery of the remainder of the iron, all of which they had repeatedly promised to do, but they had entirely failed therein, and after waiting until August 1, without receiving further deliveries, the defendants were obliged to go into the open market and purchase other unforged iron, which, on account of the special quality, could be secured only at a higher price, thus making an extra expense. The items of expense and damage to the defendants, as alleged in the affidavit of defense, aggregated the sum of $1,261, which they claim as a set-off to the whole of the plaintiffs' demand, and aver that upon trial they will ask for a certificate for the difference between that amount and the amount claimed by the plaintiffs, to wit: $574.97. There being no objection to the quality or price of the merchandise furnished, the only point at issue is whether the defendants may offset their claim for damages by reason of the plaintiffs' failure to deliver the whole amount of merchandise. The defendants admit that the iron for which the suit is brought was received and used, and admit also their liability to account therefor, but urge that by reason of the failure of the plaintiffs to perform their contract, payment can be made through their claim for a set-off. It is manifestly apparent from the plaintiffs' claim that time and quantity were important to the defendants, who had purchased this iron for a particular purpose, and there is a sufficient allegation by the defendants as to the damages resulting from the plaintiffs' breach of their contract. After having been repeatedly urged by the defendants to deliver the remainder of the iron the default was of the plaintiffs' own making, and resulted in the defendants being obliged to go into the open market to supply that which under the contract the plaintiffs were bound to deliver. The proportionate extent of the failure to deliver was not sufficiently small in this case to urge that the contract was substantially performed. The doctrine as to substantial performance is an equitable one, and can never be invoked by one who wilfully departs from the terms of his contract, and when suit is brought to recover for

the partial performance of a contract, and a breach is complained of which is capable of being compensated in damages, recovery may be had of a contract price, subject to the right of the defendants to set off the damages resulting from the breach.   It is for the jury to find whether the contract has been substantially performed: 3 P. & L. Digest of Decisions, 4287.   The cause of action which the defendants wish to set off arises from the same transaction as that on which the plaintiffs found their action, and the matter may be decided by a jury trying the case.   The transaction, as disclosed by the affidavit, sets out a state of facts which, if proven on the trial, would, at least, entitle the defendants to have it submitted to the jury. While the defendants accepted and used the iron, they did so on the faith of the contract, which provided that large shipments of the same kind would soon follow, to be used in this particular business.   If found to be as alleged that, after the repeated demands to hurry the shipments, the plaintiffs delay until August 1, put the defendants to the necessity of purchasing at the market price, the affidavit suggests a good ground of defense to the plaintiffs' claim as a set off, it being a plain and clear statement of a cause of action, and the loss, if proven to be as alleged, would be a set-off against the plaintiffs' claim in one action.

We think the defendants were entitled to have the jury pass upon the question.

The judgment is reversed and a procedendo awarded.