## Hatboro National Bank, Appellant, *v.* Stevenson.

*Promissory note—Defenses—Affidavit of defense—Set-off.*

In an action by the last indorser on a promissory note against the maker of the note, which was payable to the maker's order, an affidavit of defense is sufficient which alleges that the defendant indorsed the note, and delivered it to the second indorsee, that the plaintiff was not the owner of the note, but that the suit was brought by the plaintiff for the use and benefit of the second indorsee, and for the purpose of depriving the defendant of his just defense thereto, and preventing him from setting off against the payment of the note an amount claimed to be due from the second indorsee to the defendant.

The Superior Court will not reverse an order of the lower court dis-

charging a rule for judgment for want of a sufficient affidavit of defense, where the affidavit of defense sets forth a complicated state of facts, supporting a claim of set-off, and the facts alleged constitute a defense according to the reasonable and common understanding of the language.

Argued Dec. 12, 1906. Appeal, No. 238, Oct. T., 1906, by plaintiff, from order of C. P. No. 3, Phila. Co., June T., 1906, No. 3,015, discharging rule for judgment for want of a sufficient affidavit of defense in case of Hatboro National Bank v. James L. Stevenson. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on a promissory note.
The note in suit was as follows:

" $1175.00. PHILA., Jany. 16, 1906.
" Four months after date I promise to pay to the order of myself Eleven Hundred Seventy-five Dollars at office Ridge Ave. & Diamond St., Phila. without defalcation for value received.
" No. Due (Sgd.) JAMES L. STEVENSON,
" Endorsed.

 " (Sgd.) JAMES L. STEVENSON,
 " Estate of Wm. F. Albrecht, dec'd.
 " (Sgd.) WM. P. ALBRECHT, LEWIS ALBRECHT,
 " Executors.
 " (Sgd.) WILLIAM HAGEL."

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*Alfred N. Keim*, with him *Carroll R. Williams*, for appellant.—An affidavit of defense traversing averments in the statement not of the essence of the undenied cause of action, will not prevent judgment; such averments may be treated as surplusage: Terry v. Wenderoth, 147 Pa. 519.

The affidavit of defense must be responsive to the statement of claim and the precise facts set up.: Pittsburg v. Daly, 5 Pa. Superior Ct. 528; Register Co. v. Flaherty, 12 Pa. C. C. Rep. 475.

146 HATBORO NAT. BANK, Appellant, *v.* STEVENSON.

The affidavit is not sufficient if its averments are shifty, evasive and incomplete, and some of the averments are but conclusions of law: Superior Nat. Bank v. Stadelman, 153 Pa. 634; Columbus Land Co. v. McNally, 172 Pa. 158; Marsh v. Marshall, 53 Pa. 396; Bordentown Banking Co. v. Restein, 214 Pa. 331; Bldg. & Loan Assn. v. Brown, 4 W. N. C. 494.

*J. Quincy Hunsicker,* for appellee.—It is respectfully submitted that that portion of the plaintiff's statement of claim reciting the origin of the note on which suit was brought in this action was merely anticipation of evidence, and not properly a part of a plaintiff's statement of claim, and that the defendant could not be required to answer to it: Drake v. R. R. Co., 5 Pa. C. C. Rep. 21; Vaughan v. Pittsburg Locomotive & Car Works, 32 Pitts L. J. 130; Smith v. Stevenson, 47 Pitts. L. J. 231; Anchor Savings Bank v. Stoneham Tannery Co., 8 Pa. C. C. Rep. 303; Griffith v. Sitgreaves, 2 W. N. C. 707; Henry v. Lynde, 12 Pa. C. C. Rep. 189.

Set-off was sufficiently averred.

The Supreme or Superior Court will not reverse an order discharging a rule for judgment for want of a sufficient affidavit of defense except for clear error of law. In doubtful cases, especially in those requiring broad inquiry into facts where the court refused judgment, the matter in controversy should go to the jury as the proper tribunal to decide the cause under proper instructions from the court: Griffith v. Sitgreaves, 2 W. N. C. 707; Radcliffe v. Herbst, 135 Pa. 568; Aetna Ins. Co. v. Confer, 158 Pa. 598.

OPINION BY HENDERSON, J., February 25, 1907:

The plaintiff's statement of claim contains, in addition to the copy of the note on which the suit was brought and the necessary averments with reference thereto, a history of the obligation. This was apparently introduced to show that the defendant's liability arose in a transaction had directly with the plaintiff, although the note shows a contract with the estate of William F. Albrecht. It is set forth that the note on which the suit was brought is the last of several renewals and that the first note was given to the plaintiff by the defendant for money loaned to the latter at his request. The defendant ad-

mits the execution of the obligation, but denies that he made application to the plaintiff for a loan for the purpose alleged or for any other purpose; or that the plaintiff made or agreed to make the loan alleged at the date set forth or at any other time. He alleges that the original note was indorsed and delivered to William F. Albrecht and that after his death renewals were made to his estate. He avers that the plaintiff is not the owner of the promissory note, but that this suit was brought by the plaintiff for the use and benefit of the estate of the said Albrecht and for the purpose of depriving the defend-. ant of his just defense thereto and preventing him from setting off against the payment of the note an amount claimed to be due from the estate of Albrecht to the defendant. This is a clear denial of the material parts of the statement of claim and put the plaintiff on proof that it is a bona fide holder for value before maturity without notice. It would be difficult to make a clearer denial that any contract relation existed between the defendant and the plaintiff in the execution and delivery of the original note than that which the defendant makes in his affidavits. According to the defendant's averment the transaction out of which the obligation arose was with William F. Albrecht and the note was given to reimburse him and William Hagel for their outlay in the settlement of a suit in which the defendant and others were involved with them, and the renewals of the first obligation from time to time were uniformly delivered to Albrecht. The denial is as broad as the statement of claim and responsive to its essential averments. The only other question in the case arises on the claim of set-off. The appellant's objection to the affidavit with reference thereto is that it is not sufficiently shown that the defendant has acquired title to the claim against William F. Albrecht arising under his alleged agreement to remove the earth and rubbish deposited by him on the Price lot. The first affidavit sets forth that Price was the owner of the premises and that Parks was his agent, and that Parks gave permission to Albrecht to encumber the lot with refuse from his brick yard. It is alleged in the supplemental affidavit that Price held the title to the lot but that Parks was the real owner and that while the title was in Price, Albrecht used the lot as a place for the deposit of waste material from his brick yard. It is further shown

that Price afterward conveyed the lot to Lamorelle; that this was done with the consent of Parks and that Parks agreed verbally to assign, transfer and set over to Lamorelle all benefits accruing under the contract with Albrecht with reference to the use of the lot. On March 15, 1906, the defendant became the equitable owner of the lot, and on April 21 of the same year took an assignment from Lamorelle of the claim acquired by him from Parks and Price as appears from exhibit " A " attached to the supplemental affidavit of defense. Albrecht's undertaking to remove the rubbish from the lot was in parol, and the verbal agreement of Price or of Parks for whom Price held the title to assign the claim against Albrecht to Lamorelle who was taking title to the lot vested in Lamorelle any right against Albrecht which existed in Parks before the conveyance. It is true the affidavit states that Parks "agreed to assign, transfer and set over" the claim to Lamorelle, but we think the fair intendment of this averment is that when Lamorelle took the title to the lot he got from the owner any right existing against Albrecht. An affidavit of defense ought not to be subjected to a refinement of criticism. If it sets forth facts which according to the reasonable and common understanding of the language used constitute a defense it is sufficient to prevent judgment. In doubtful cases the affidavit should not be held insufficient.

The appeal is dismissed at the cost of appellant without prejudice, etc.