Opinion by
Henderson, J.,
The plaintiffs’ action is on a book account for merchandise, a copy of which account is attached to the statement of claim. ’ The' different items of merchandise are indicated in the account by number, apparently for convenience of identification. The defense set up is that a part of the goods for the price of which suit was brought was the subject of an order .given by the defendants to the plaintiffs October 21) 1905, and accepted by the latter, a copy of which order is attached to the affidavit of defense; that dates were fixed by the order within which the merchandise was to be delivered and that the plaintiffs failed to deliver a large part of the goods so ordered, and neglected to deliver another large part within the time stipulated for delivery; that, relying upon the plaintiffs’ undertaking, the .defendants entered into contracts with certain companies in the affidavit named to supply them with articles to be manufactured in part from the goods to be supplied by the plaintiffs; that by reason of the plaintiffs’ default the defendants were unable to perform their agreements with the said companies, as a result of which the defendants sustained a loss on their contracts of amounts stated in the affidavit. The defendants further aver and propose to prove that the plaintiffs had notice that the defendants had entered into the contracts referred to and relied upon the plaintiffs for prompt performance of their undertaking to supply the merchandise. It is further averred, that by reason of the failure of the plaintiffs to deliver goods according to their contract, the defendants were from time to time without material to be used in their manufacturing business and that it became necessary to close their factory not less than five times between December 15, 1905, and July 1, 1906, whereby they sustained a loss of not less than $125. By a comparison of the dates fixed for delivery in the order given by the de *135 fendants to the plaintiffs and the dates of delivery set forth in the copy of account filed under the statement of claim, it will be seen that much of the material charged under the numbers 57,471, 3,885, 3,890 and 3,895 was delivered long after the time specified in the order, the latest date named therein being March, 1906. It is true that under each of the numbers referred to the plaintiffs were to ship a certain quantity of the goods ordered “soon as possible.” It is manifest, however, that that had reference to the period earlier than the delivery stipulated for in December of the same year and in January and February of the year following. The intention was to provide for the immediate delivery of a small part of the goods with an arrangement for later deliveries of the balance. It is further alleged that the merchandise which was the subject of the contract is imported from abroad and not procurable in similar quantities in the open market and that such quantities as were procurable were not sufficient to enable the defendants to carry out their contracts with their customers and could only be had at prices which would have increased the defendants’ losses.
We consider this a good affidavit of defense as to the claim of set-off arising from the failure of the plaintiffs to deliver the merchandise according to their agreement and the damage sustained by reason of the shutting down of the defendants’ factory. Where an affidavit of defense fairly sets forth facts sufficient to show prima facie a good defense it is not to be subjected to a close technical examination as in the case of a special plea demurred to. It is offered to prevent a summary judgment and for that purpose the showing of a defense with certainty to common intent is sufficient: Andrews v. Packing Co., 206 Pa. 370; Hatboro National Bank v. Stevenson, 33 Pa. Superior Ct. 144; Eastern Forge Co. v. Baizley, 21 Pa. Superior Ct. 504. The latter case is closely' analogous to the one under consideration and supports the appellant’s contention. The details of the contracts, which the defendants claim to have with certain customers, are not given in the affidavit, but this is not necessary; it is a matter of proof at the trial of the cause. Their allegation is that, because of the *136 plaintiffs’ breach of contract, they were unable to perform their own contracts, and, as a consequence, sustained a loss to the amount stated in the affidavit; and that they were obliged; also, by reason of the plaintiffs’ default, to suspend operations in their factory because of which they sustained the loss stated. These are specific averments sufficient to put the plaintiffs on notice of the matters relied on by the defendants by way of defense and to show the amount which the defendants seek to set off against the plaintiffs’ claim and they should be permitted to submit their case to the jury on the issue so presented.
The judgment is, therefore, reversed and the record remitted with a procedendo.