## Punxsutawney Borough *v.* Carmalt, Appellant.

*Affidavit of defense—Practice, C. P.—Municipal lien.*

1. An affidavit of defense should set forth fully and fairly facts insufficient to show prima facie a good defense, and if it fails to do so, either from omission of essential facts, or from manifest evasiveness in the mode of statement, it will be sufficient to prevent judgment. But if not deficient in either of these respects and on its face fairly sets forth a prima facie defense, it is not to be subjected to close technical examination as if it were a special plea demurred to. Its office is to prevent a summary judgment, and for that purpose a showing of a defense with certainty to a common intent is sufficient.

2. In an action by a borough against a property owner to recover the costs of curbing the street in front of defendant's premises, an affidavit of defense is sufficient to prevent judgment which denies the existence, passage, certification and promulgation of the ordinance relied upon by the plaintiff as the foundation of the claim.

Argued May 4, 1909. Appeal, No. 166, May T., 1909, by defendant, from order of C. P. Jefferson Co., making absolute rule for judgment for want of a sufficient affidavit of defense in case of Punxsutawney Borough v. Edward A. Carmalt. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Reversed.

Assumpsit for cost of curbing. Before Reed, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court making absolute rule for judgment for want of a sufficient affidavit of defense.

*A. L. Cole*, with him *Jeff G. Wingert*, for appellant.—An affidavit of defense should set forth fully and fairly facts sufficient to show prima facie a good defense, and if it fails to do so, either from omission of essential facts, or manifest evasiveness in the mode of statements, it will be insufficient to prevent judgment: Thompson v. Clark, 56 Pa. 33.

*W. M. Gillespie*, for appellee.

OPINION BY ORLADY, J., July 14, 1909:

This is an action of assumpsit on a municipal lien filed under the provisions of a general ordinance of the borough. An affidavit of defense was filed which was determined to be insufficient, and a judgment in favor of the plaintiff was entered. The case must be disposed of on this appeal in the light of the statement and of the affidavit of defense. The validity of the plaintiff's claim necessarily depends upon the authority of the borough to enact the ordinance in controversy. In the affidavit the defendant denied the existence, passage, certification and promulgation of such an ordinance as the plaintiff sets out in the statement.

In Andrews v. Packing Co., 206 Pa. 370, the present chief justice of the Supreme Court fixes the requirements of an affidavit of defense, and when complied with, the effect to be given to it, as follows: An affidavit of defense should set forth fully and fairly facts sufficient to show prima facie a good defense, and if it fails to do so, either from omission of essential facts, or from manifest evasiveness in the mode of statement, it will be insufficient to prevent judgment. But if not deficient in either of these respects, and on its face fairly sets forth a prima facie defense, it is not to be subjected to close technical examination as if it were a special plea demurred to. Its office is to prevent a summary judgment, and for that purpose a showing of a defense with certainty to a common intent is sufficient.

The sufficiency of this affidavit must be determined by the

rule therein announced, and while there are a number of assignments of error, and apparently there is more in the case than appears on the surface of the record, the question before us is the sufficiency of the affidavit. With the special and definite denial of the existence of the ordinance upon which the action is founded, the conclusion of the affidavit, "All of which the defendant believes and expects to be able to prove," must be considered as sufficient to prevent summary judgment, and the parties should be remanded to a trial by a jury: Eastern Forge Co. v. Baizley, 21 Pa. Superior Ct. 504; Hatboro National Bank v. Stevenson, 33 Pa. Superior Ct. 144; Stern v. Dwyer, 35 Pa. Superior Ct. 132. For this reason alone the judgment is reversed and the case remitted to the court below with a procedendo.