## Liab *v.* Kozuhowski, Appellant.

*Promissory notes—Holder—Affidavit of defense.*

In an action upon promissory notes drawn by the defendant to his
own order and indorsed by him in blank, which, it is alleged in the
statement of claim, were given by the defendant to the plaintiff on the
day of their date, an affidavit of defense is sufficient which avers that
the notes were executed and delivered by the defendant to the plaintiff
for the uses and benefit of a certain life insurance company, and for
the purpose of having them delivered by the plaintiff to that company;
that said company is the owner and holder of the notes; that the plain-
tiff has no right, title or interest therein; and that the defendant is
not indebted to the plaintiff in the sum claimed by the latter, or in any
sum whatsoever.

Argued Dec. 9, 1912.   Appeal, No. 235, Oct. T., 1912,
by defendant, from order of C. P. No. 2, Phila. Co., June
Term, 1912, No. 5,714, making absolute rule for judgment
for want of a sufficient affidavit of defense in case of

Albert Liab v. Alexander Kozuhowski.  Before RICE, P. J.,
HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.
Reversed.

Assumpsit upon two promissory notes.
The notes in suit were as follows:

" $156.55.            PHILADELPHIA, April 26th, 1912.
" Ninety days after date I promise to pay to the order of
myself, One hundred and fifty-six and 55/100 Dollars at
the Bank of Commerce, Philadelphia, Pa.  Without de-
falcation for value received.
                    " (Signed)   ALEX. KOZUHOWSKI.
" No                Due 7/25.
" Endorsed: ALEX. KOZUHOWSKI.

" $269.35.            PHILADELPHIA, April 26th, 1912.
" Ninety days after date I promise to pay to the order
of myself, Two Hundred and sixty-nine and 35/100
Dollars.  At Bank of Commerce, Phila., Pa.  Without
defalcation for value received.
                    " (Signed)   ALEX. KOZUHOWSKI.
" No.               Due 7/25.
" Endorsed: ALEX. KOZUHOWSKI.

The statement of claim contained the following aver-
ment:
"Plaintiff avers that he is the bona fide holder for value
of both of the aforesaid notes before maturity, and the
present holder thereof."
The affidavit of defense was as follows:
Deponent is advised, believes and therefore avers that
the said plaintiff, Albert Liab, is not the holder for value
of said promissory notes upon which suit is brought; and
that said plaintiff has no interest whatever in said promis-
sory notes.
Deponent says that said promissory notes were given
and·executed by him and delivered to said plaintiff for
the uses and benefit of the International Life Insurance

Company of St. Louis, Mo., that said notes were executed and delivered to said plaintiff for the purpose of having the same delivered by the said plaintiff to the said the International Life Insurance Company of St. Louis, Mo., and that the said the International Life Insurance Company of St. Louis, Mo., is the owner and holder of said promissory notes upon which this action is brought and that said plaintiff, Albert Liab, has no right, title or interest to or in said promissory notes. Deponent therefore avers that he is not indebted to the said plaintiff, Albert Liab, in the said sum of $244.51 or in any other sum whatsoever. All of which deponent is advised, believes, avers to be true and will prove at the trial of the cause.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*William A. Davis*, for appellant.—The affidavit of defense denies the material averments of the statement of claim and is therefore sufficient to prevent judgment: Eliel v. Chamberlain, 48 Pa. Superior Ct. 610; Hatboro Nat. Bank v. Stevenson, 33 Pa. Superior Ct. 144; Clothier v. Webster Foundry Sand Co., 21 Pa. Superior Ct. 386; Louchheim v. Maguire, 6 Pa. Superior Ct. 635; Friel v. Custer, 23 Pa. Superior Ct. 466; Deacon v. Smaltz, 10 Pa. Superior Ct. 151; M'Pherson v. Bank, 96 Pa. 135; Galey v. Fitzpatrick, 171 Pa. 50; Reamer v. Bell, 79 Pa. 292; Hunter v. Reilly, 36 Pa. 509.

*Joseph A. Keough*, for appellee.—An affidavit of defense must deny all the material allegations of the statement of claim, or set up facts which avoid the effect of such allegations: Galey v. Fitzpatrick, 171 Pa. 50.

OPINION BY RICE, P. J., February 27, 1913:

This is an appeal by defendant from judgment for want of a sufficient affidavit of defense in an action of assumpsit

on two promissory notes drawn by the defendant to his own order and indorsed by him in blank, which, it is alleged in the statement of claim, were given by the defendant to the plaintiff on the day of their date. The statement further avers that the plaintiff is the bona fide holder, for value, of the notes before maturity, and the present holder thereof. The part of the affidavit of defense material upon the present inquiry is, substantially, that the notes were executed and delivered by the defendant to the plaintiff for the uses and benefit of a certain life insurance company, and for the purpose of having them delivered by the plaintiff to that company; that said company is the owner and holder of the notes; that the plaintiff has no right, title, or interest therein; and that the defendant is not indebted to the plaintiff in the sum claimed by the latter or in any sum whatsoever.

Under the negotiable instruments act of May 16, 1901, P. L. 194, which in these particulars was declaratory of the then existing law, the holder of a negotiable instrument may sue thereon in his own name (sec. 51), and every holder is deemed, prima facie, to be a holder in due course (sec. 59); but, as between the immediate parties, delivery may be shown to have been conditional or for a special purpose only (sec. 16). And it needs no argument or citation of authorities to show that a mere messenger intrusted by the maker with a note to be delivered to a third person, does not eo instanti become a holder who can bring suit in his own name against the maker. This is not claimed. It is argued, however, that the notes, being indorsed in blank, could be negotiated by delivery (sec. 34) and therefore it is a supposable case that the insurance company transferred them in that way to the plaintiff. But this is not alleged in the statement of claim; the fair meaning of the statement is, that the notes were delivered to the plaintiff unconditionally by the defendant and that he got title thereby. Moreover, such supposition would be unwarrantable in the face of the defendant's averment that the plaintiff is not the holder of the instruments,

but the insurance company is.. In short, the allegation of the statement of claim as to the plaintiff's title is met with an equally explicit denial, accompanied by an unqualified assertion that the person for whose benefit and use the notes were drawn is the owner and holder of them. And these allegations are supported by a statement of the circumstances under which the plaintiff obtained manual possession of the notes. We have given full consideration to the appellee's argument, but we ·cannot agree with the learned counsel in his conclusion that the affidavit leaves to inference and speculation matters which bear directly on the defense and admits of several constructions. The question is not whether the defendant is liable on the notes to the lawful holder of them, but whether the plaintiff is such holder. We are of opinion that the averments of the affidavit of defense, as to this essential element of the plaintiff's statement, are sufficient in form and substance to prevent summary judgment. See Hatboro National Bank v. Stevenson, 33 Pa. Superior Ct. 144; Eliel v. Chamberlain, 48 Pa. Superior Ct. 610, and cases there cited.

The judgment is reversed and a procedendo awarded.