# Laib *v.* Kozuhowski, Appellant.

*Promissory notes—Affidavit of defense—Holder.*

In an action upon a promissory note drawn by the defendant to the order of the plaintiff, which it is alleged in the statement of claim, was given by the defendant to the plaintiff on the day of its date, an affidavit of defense is sufficient, which avers that the note was executed and delivered by the defendant to the plaintiff for the uses and benefit of a certain life insurance company, and for the purpose of having it delivered by the plaintiff to that company; that said company is the owner and holder of the note; that the plaintiff has no right, title or interest therein; and that the defendant is not indebted to the plaintiff in the sum claimed by the latter, or in any sum whatsoever.

Argued Oct. 7, 1913. Appeal, No. 276, Oct. T., 1912, by defendant, from order of C. P. No. 4, Phila. Co., Sept. T., 1912, No. 1,335, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Albert Laib v. Alexander Kozuhowski. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit on a promissory note drawn by defendant to order of plaintiff.

The affidavit of defense was as follows:

Deponent is advised, believes and therefore avers that the said plaintiff, Albert Laib, is not a bona fide

holder for value of said promissory note upon which suit is brought; and that said plaintiff has no interest whatever in said note.

Deponent says that the said promissory note was given and executed by him and delivered to said plaintiff for the International Life Insurance Company of St. Louis, Mo.; that said note was executed and delivered to the said plaintiff for the purpose of having the same delivered by the said plaintiff to the said International Life Insurance Company of St. Louis, Mo., in payment of a premium on a certain policy of insurance on the life of Mary A. Kozuhowski, issued on or about the date of said note, and for which said company the said Albert Laib, was at said time, an agent; and that the said International Life Insurance Company of St. Louis, Mo., is the owner and real holder of said promissory note upon which this said action is brought and that said plaintiff, Albert Laib, has no right, title or interest to or in said promissory note.

Deponent therefore avers that he is not indebted to the said plaintiff, Albert Laib, in the said sum of $255.65 or in any other sum whatsoever. All of which deponent is advised, believes to be true, avers and expects to be able to prove at the trial of the cause.

*Error assigned* was the order of the court.

*William A. Davis*, for appellant.

No printed brief for appellee.

PER CURIAM, December 8, 1913:

The only noticeable difference between this case and the case between the same parties decided by us in February last, and reported in 53 Pa. Superior Ct. 50, is that the notes involved in the latter were drawn by the defendant to his own order and were indorsed by him in blank, while the note involved in the present

case was drawn to the order of the plaintiff. In other respects the averments of the statement of claim and of the affidavits of defense in the two cases are substantially the same. In our opinion, the difference we have noted would not justify a different conclusion as to the sufficiency of the affidavit of defense to prevent summary judgment. For the reasons given in the case cited, the judgment is reversed and a procedendo awarded.